UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

OTHA BLACKMAN and
ANNETTE BLACKMAN,
 *Plaintiffs,*

v.            CIVIL ACTION NO. 4:26-CV-4505

ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY,
 *Defendant.*

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Otha Blackman and Annette Blackman, by and through undersigned counsel, file this Original Complaint against Allstate Vehicle and Property Insurance Company and respectfully alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Plaintiffs Otha Blackman and Annette Blackman are individuals residing in Fort Bend County, Texas, and are citizens of the State of Texas.

3. Defendant Allstate Vehicle and Property Insurance Company is a corporation organized under the laws of the State of Illinois with its principal place of business in Illinois. Defendant is a citizen of the State of Illinois.

4. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Fort Bend

County, Texas, which is located within this District and Division, and the subject property is located in this District.

## PARTIES

5.  Plaintiffs Otha Blackman and Annette Blackman are residents of Fort Bend County, Texas, and own the property that is the subject of this lawsuit.

6.  Defendant Allstate Vehicle and Property Insurance Company is an insurance company authorized to conduct business in the State of Texas. Defendant may be served through its registered agent for service of process: CT Corporation System at 1999 Bryan Street, Suite 900, Dallas TX 75201.

## FACTS

7.  Plaintiffs are the named insured under Property Insurance Policy No. 000416383464 (the "Policy") issued by Defendant, which was in full force and effect on the date of loss.

8.  The Policy insured Plaintiffs' residential property located at 15927 Barbarossa Drive, Houston TX 77083 (the "Property").

9.  The Policy provided coverage for direct physical loss or damage caused by windstorm and hail, among other perils.

10. On or about July 8, 2024, the Property sustained significant covered damage caused by a Hurricane (the "Loss").

11. Plaintiffs timely notified Defendant of the Loss. Defendant assigned Claim No. 0784241606.

12. On March 5, 2025, Defendant inspected the Property and issued an estimate that significantly undervalued the covered damages and concluded the loss fell below the applicable deductible.

13. On February 2, 2026, Plaintiffs submitted additional documentation and an independent estimate prepared by 20/20 Inspections, LLC reflecting a total repair cost of approximately $49,827.09.

14. Despite Plaintiffs' supporting documentation, Defendant has failed and refused to pay the full amount owed under the Policy for the covered damages, including all recoverable depreciation and additional covered items.

15. Defendant's adjustment of the claim was unreasonable, result-oriented, and failed to include all covered damage. As a direct result of Defendant's failure to pay the covered Loss, Plaintiffs have been unable to complete repairs, causing additional damage to the Property.

## CAUSES OF ACTION

### Count 1 – Breach of Contract

16. Plaintiffs incorporate all preceding paragraphs.

17. The Policy is a valid and enforceable contract. Defendant breached the Policy by failing to pay for covered losses. This breach proximately caused Plaintiffs damages.

### Count 2 – Violations of Texas Insurance Code – Unfair Settlement Practices

18. Plaintiffs incorporate all preceding paragraphs.

19. Defendant violated Tex. Ins. Code § 541.060(a) by:

  a. Knowingly misrepresenting material facts relating to coverage (§ 541.060(a)(1));

  b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement when liability was reasonably clear (§ 541.060(a)(2)); and

  c. Refusing to fully pay the claim without conducting a reasonable investigation (§ 541.060(a)(7)).

20. These violations were committed knowingly and are a producing cause of Plaintiffs' damages. Plaintiffs seek actual damages, additional damages, attorney's fees, and costs pursuant to Tex. Ins. Code § 541.152.

**Count 3 – Violations of Texas Insurance Code – Prompt Payment of Claims**

21. Plaintiffs incorporate all preceding paragraphs.

22. Defendant failed to comply with the deadlines and requirements for timely investigating, accepting, and paying the claim, entitling Plaintiffs to statutory interest, attorney's fees, and all other relief available under Tex. Ins. Code § 542.060.

**Count 4 – Breach of the Duty of Good Faith and Fair Dealing**

23. Plaintiffs incorporate all preceding paragraphs.

24. Defendant breached its common-law duty of good faith and fair dealing owed to Plaintiff. This breach was the proximate cause of Plaintiffs' damages. Plaintiffs further seek exemplary damages due to Defendant's malicious and/or grossly negligent conduct.

## DAMAGES

25. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered and continues to suffer damages including:

- The full amount of covered damages under the Policy;
- Additional property damage caused by delay;
- Attorney's fees and costs; and
- Pre- and post-judgment interest.

26. Plaintiffs seek exemplary damages for Defendant's malicious, fraudulent, or grossly negligent conduct.

## JURY DEMAND

27. Plaintiffs demand a trial by jury on all issues so triable.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiffs recovers judgment against Defendant for actual damages according to proof, additional and/or exemplary damages, reasonable and necessary attorney's fees through trial and appeal, pre- and post-judgment interest at the maximum legal rate, Court costs, and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Dated June 8, 2026.

Respectfully submitted,

VG Law Group, LLP

*/s/Omar Giraldo*
Omar Giraldo
SDTX Fed. No. 3928000
Ogiraldo@vg.law
Croa@vg.law
Property@vg.law
8751 W. Broward Blvd. Suite 200
Plantation, FL 33324
Telephone: (832) 626-5551
Fax:       (713) 322-5953
COUNSEL FOR PLAINTIFFS